UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-25252-CV-MORENO
(16-20109-CR-MORENO)
MAGISTRATE JUDGE REID

JORGE ENRIQUE HERNANDEZ,

Movant,

v.

UNITED STATES OF AMERICA,

Respondent.

_____/

# REPORT OF MAGISTRATE JUDGE

## I. Introduction

This Cause is before the Court upon Movant's Motion to Vacate pursuant to 28 U.S.C. § 2255 attacking the constitutionality of his convictions or sentences following a guilty plea in Case No. 16-20109-CR-MORENO. [ECF No. 1].[1]

This Cause has been referred to the Undersigned for consideration and report. *See* S.D. Fla. Admin. Order. [ECF No. 2]. As set forth below, the Motion should be **DENIED**.

---

[1] This Report uses the citation "[ECF]" to reference docket entry numbers in the instant federal habeas case. Citations to "[CR ECF]" refer to docket entry numbers in the underlying criminal case. Any citations to "[PSI]" refer to paragraph numbers within the presentence investigation report.

## II. Claims

Construing the Motion liberally, consistent with *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Movant raises the following claims:

1. Movant is actually innocent of the career criminal enhancement;

2. Movant's base offense level was not accurately counted;

3. Movant's lifetime term of supervised release is significantly unreasonable in light of inaccuracies in the PSI;

4. Counsel was ineffective for failing to investigate and alert the Court that Movant's prior convictions did not qualify under career criminal enhancement.

[ECF No. 1].

## III. Pertinent Factual and Procedural Background

Movant pled guilty to possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). [CR ECF No. 193]. In exchange for his guilty plea, all other counts in the indictment were dismissed. [*Id.*]; *see also* [CR ECF No. 156 at 1].

The presentence investigation report (PSI) advised that a minimum term of 5 years' imprisonment applied, and the statutory maximum authorized up to 40 years' imprisonment. [PSI ¶ 107]. The advisory guidelines range suggested 235 to 293 months' imprisonment. Ultimately, the Court sentenced Movant to 210 months'

imprisonment with a lifetime term of supervised release to follow. [CR ECF No. 193].

Movant appealed. [CR ECF No. 195]. On September 26, 2018, the U.S. Court of Appeals for the Eleventh Circuit affirmed the conviction and sentence entered. *See United States v. Hernandez*, 750 F. App'x 866 (11th Cir. 2018). About two months later, Movant filed the instant Motion. [ECF No. 1].

## IV.  Threshold Issues - Timeliness

The Government does not dispute the timeliness of Movant's motion to vacate. [ECF No. 6 at 2]. The Motion is, therefore, treated as timely.

## V. Standard of Review

Section 2255 states in relevant part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution...may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a).

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral

attack. 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232-33 (11th Cir. 2004) (citations and internal quotations omitted). If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

After the Court accepted Movant's guilty plea, he was sentenced to 204 months' imprisonment, which consisted of 120 months' imprisonment followed by a consecutive term of 84 months' imprisonment. [CR ECF 46].

**VI. Discussion**

A. Ground One

In Ground One, Movant contends the Court erroneously found him to be a career criminal by relying on the PSI. [ECF No. 1 at 4, 13]. Movant asserts that his attempted murder conviction in the California Municipal Court of Criminal Justice, Case No. BA145400, was dismissed before sentencing and, therefore, the factual

4

predicate for the career criminal enhancement was entered in error. [*Id.* at 13]. Movant's claim is procedurally barred.

First, a § 2255 Movant may challenge sentencing errors only when he can prove that "he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated." *Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014) (en banc). The vacatur-exception to the general rule against challenging sentencing errors assumes there is a "new fact" (*i.e.*, a vacated conviction) that did not exist prior to sentencing. *Id.* at 1143 (citing *Stewart v. United States*, 646 F.3d 856, 858-59 (11th Cir. 2011)).

Here, the Government has explained that Movant was arrested on two different murder charges in California and that one charge was dismissed but the other was not. [ECF No. 6 at 4]. The Government attached a judgment of conviction for attempted murder in California Superior Court Case No. BA245298 [ECF No. 6 at 6]. The Government further pointed out that this was discussed at Movant's sentencing. Accordingly, Movant is neither "innocent as a career offender" nor has he provided evidence that the conviction relied upon was vacated.

Further, challenges to sentencing errors are procedurally defaulted if they could have been raised on direct appeal and a defendant failed to do so. *See McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) ("Under the procedural default rule, a defendant generally must advance an available challenge to a criminal

5

conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding."). Absent a showing of (1) cause and prejudice or a (2) miscarriage of justice based on actual innocence, the merits cannot be addressed. *See Hill v. United States*, 569 F. App'x 646, 648 (11th Cir. 2014).

Movant provides no explanation as to why the cause and prejudice standard might apply. Additionally, as previously mentioned, the actual innocence exception is inapplicable. Movant's claim is, therefore, not cognizable under § 2255 and procedurally defaulted.

B. Ground Two

In Ground Two, Movant claims the PSI inaccurately calculated his base offense level. [ECF No. 1 at 5, 14]. To support this claim, Movant asserts the PSI includes an incorrect conversion ratio. [*Id.* at 14]. This claim must fail.

As previously mentioned, a challenge to a sentencing error is not cognizable on § 2255 review unless the Movant is actually innocent or the prior convictions used to enhance a sentence were vacated. *Spencer*, 773 F.3d at 1138-40.

Movant has not alleged that he is actually innocent, and his prior convictions were not vacated. Indeed, Movant pled guilty and received a below-the-guidelines sentence of imprisonment. Any misapplication of the advisory guidelines may not form the basis for relief. *See Spencer*, 773 F.3d at 1135 ("Spencer cannot collaterally attack his sentence based on a misapplication of the advisory guidelines. Spencer's

6

sentence falls below the statutory maximum, and his prior conviction[s]…have not been vacated[.]"). This claim must be denied.

C. <u>Ground Three</u>

In Ground Three, Movant argues his supervisory release sentence is unreasonable in light of the PSI's alleged inaccuracy with respect to his criminal history and the conversion ratio of the drugs involved in this case. [ECF No. 1 at 6, 15].

Movant raised a version of the instant claim on direct appeal. Specifically, he argued the Court's lifetime term of supervised release was unreasonable because the Court allegedly "failed to set forth its reasons for its sentence and made no case-specific findings to warrant a lifetime term of supervised release." *Hernandez*, 750 F. App'x at 869. The Eleventh Circuit held the lifetime term of supervised release was reasonable. *Id.* at 869-70.

"Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under [S]ection 2255." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (quoting *United v. Natelli*, 553 F.2d 5, 7 (2d Cir. 1977)) (alterations in original). In that regard, Movants may not re-characterize their previously available and previously raised claims. *See Nyhuis*, 211 F.3d at 1343; *see also Wilson v. United States*, No. 16-15133-E, 2017 WL 3225903, at *1 (11th Cir. Feb. 23, 2017).

7

The instant claim is simply a reiteration of Movant's claim raised on direct appeal under a previously available legal theory. The instant claim is, therefore, procedurally barred. *See Nyhuis*, 211 F.3d at 1343.

D. Ground Four

In Ground Four, Movant claims his attorney was ineffective for failing to discover an error in the PSI, specifically the attempted murder conviction's dismissal in the Municipal Court of Criminal Justice. [ECF No. 1 at 8, 16]. According to Movant, because this conviction was taken into consideration erroneously due to counsel's ineffectiveness, the Court erred by finding him a career offender. [ECF 1 at 4, 8, 13, 16].

Under the Guidelines, the career offender enhancement may apply if the defendant: (1) is at least 18 years old at the time of the commission of the offense of conviction; (2) the offense of conviction is a felony crime of violence or controlled substance offense; and (3) the defendant has at least two prior felony convictions for a crime of violence or controlled substance offense. *United States v. Lockley*, 632 F.3d 1238, 1240 (11th Cir. 2011) (citing U.S.S.G. § 4B1.1(a)).

The PSI relied upon Movant's federal convictions for conspiracy to possess with intent to distribute cocaine, in docket numbers 95-349-CR-ROETTGER/ALTONAGA; 95-481-CR-ROETTGER/ALTONAGA; and 97-956-CR-ROETTGER/ALTONAGA. [PSI ¶¶ 47-49]. Movant's controlled substances

cases establish Movant had one qualifying conviction for the career criminal enhancement because the Court sentenced him in all three cases on the same day. *See United States v. Hernandez*, 750 F. App'x 866, 871 (11th Cir. 2018) (citing U.S.S.G. § 4A1.2(a)(2)).

As for the other qualifying conviction, the PSI referenced a state court conviction for attempted murder in Case No. BA147400. [PSI ¶ 50]. As the Government points out, Movant's claim relies upon an assumption that "the California conviction for attempted murder…never happened." [ECF No. 6 at 3]. The Government relied upon a conversation that transpired at sentencing during which the Court and defense counsel discussed Movant's prior arrests on *two separate charges* for murder. [ECF No. 6 at 3-4] (citing [CR ECF No. 213 at 12]) (emphasis added). In this proceeding, the Government provided the Court with record evidence of an attempted murder conviction and discussed Movant's prior sentence of 9 years' imprisonment, imposed in the Superior Court of California in Los Angeles County, Case No. BA245298. [ECF No. 6 at 6].

Granted, it appears the PSI contained a typographical error with respect to identifying the correct case number for Movant's murder conviction. *Compare* [ECF No. 6 at 6], *with* [PSI ¶ 50]. Even so, Movant cannot show ineffective assistance.

The Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his defen[s]e." U.S. Const. amend. VI. "The benchmark

for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

To prevail on a claim of ineffective assistance of counsel, a habeas litigant must demonstrate both (1) that his counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An ineffective assistance of counsel claim may be raised with respect to errors made by trial counsel or direct appeal counsel, and both are governed by *Strickland. See, e.g.*, *Raleigh v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 938, 957 (11th Cir. 2016).

When determining whether an error prejudiced a defendant, courts must "exclude the possibility of arbitrariness, whimsy, caprice, 'nullification,' and the like." *Strickland v. Washington*, 466 U.S. 668, 695 (1984). Had trial counsel notified the Court of the error in the PSI, the Government would have submitted the documentation it provided in this proceeding. By doing so, the Probation Office would have amended the PSI to reflect the correct case number, and the Court would have explicitly relied upon that conviction.

Under California law, the state must prove an "unlawful killing of a human being, or a fetus, with malice aforethought." Cal. Penal Code § 187. Attempted

10

murder requires "a direct but ineffectual act…committed by one person toward killing another human being and the person committing the act harbored express malice aforethought, namely, a specific intent to unlawfully kill another human being." Cal. Penal Code § 664(e). Federal law has a similar standard with respect to defining murder, *see* 18 U.S.C. § 1111, and attempted crimes. *See United States v. Plummer*, 221 F.3d 1298, 1303 (11th Cir. 2000).

The Eleventh Circuit held it is not plain error to deem California attempted murder a prior "crime of violence." *See Hernandez*, 750 F. App'x at 871. The Ninth Circuit also deems California murder and attempted murder a "crime of violence." *United States v. Garibay*, 675 F. App'x 752 (9th Cir. 2017).

Movant, therefore, cannot show a reasonable probability of a different outcome had counsel alerted the Court or probation officials of the error in the California case number PSI. The Court need not address deficiency, as the claim should be denied.

## VII. Evidentiary Hearing

Movant has the burden of establishing the need for an evidentiary hearing, and he would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. *See Diveroli v. United States*, 803 F.3d 1258, 1263 (11th Cir. 2015).

However, district courts "need not hold a hearing if the allegations are 'patently frivolous,' based upon 'unsupported generalizations,' or 'affirmatively contradicted by the record.'" *Diveroli*, 803 F.3d at 1263 (relying upon *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014)). *Cf. Schriro v. Landrigan*, 550 U.S. 465, 473-75 (2007) (holding that if the record refutes the factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing in a § 2254 context).

Here, Movant cannot show an evidentiary hearing would prove he is entitled to relief. Thus, an evidentiary hearing should be denied.

## VIII. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus [or motion to vacate] has no absolute entitlement to appeal, but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253 (c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if the prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253 (c)(2).

To merit a certificate of appealability, prisoners must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Eagle v. Linahan*, 279 F.3d 926, 935-36 (11th Cir. 2001). When a district court denies a

habeas action solely on procedural grounds, the prisoner must show that reasonable jurists would find the district court's assessment of the constitutional claims and procedural ruling debatable or wrong to merit a certificate of appealability. *See Slack*, 529 U.S. at 474, 484.

In this case, there is no basis to issue a certificate of appealability. If Movant disagrees, he should present his argument to the attention of the District Judge in objections.

## IX. Conclusion

Based on the foregoing, it is recommended that the motion to vacate be **DENIED**. [ECF No. 1]. In addition, an evidentiary hearing should be **DENIED**, and this Court should **NOT ISSUE** a certificate of appealability. Accordingly, this case should be **CLOSED**.

Movant is cautioned that arguments not raised before a Magistrate Judge cannot be raised for the first time in objections to this Report. *See Starks v. United States*, 2010 WL 4192875 at *3 (S.D. Fla. 2010). Indeed, when a party raises an argument for the first time in an objection to a report and recommendation, the district court may exercise its discretion and decline to consider the argument. *Daniel v. Chase Bank USA, N.A.*, 650 F. Supp. 2d 1275, 1278 (N.D. Ga. 2009) (citing *Williams v. McNeil*, 557 F.3d 1287 (11th Cir. 2009)). If newly-raised arguments are

presented, the Court should exercise its discretion and decline to address the new issues.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Court Judge of an issue covered in this Report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

DONE AND ORDERED at Miami, Florida this 23rd day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Jorge Enrique Hernandez
43994-004
Williamsburg
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 340
Salters, SC 29590
PRO SE

Frank Tamen
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132

305-961-900
Fax: 305-536-7213
Email: Frank.Tamen@usdoj.gov

Noticing 2255 US Attorney
Email: usafls-2255@usdoj.gov

15